**Mariana FLORES–FERREYRA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73902.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008 *.

Filed March 17, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter J. Musser, Law Office of Peter James Musser, Vista, CA, for Petitioner.

Daniel E. Goldman, Jonathan Robbins, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAS-District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioner's application for cancellation of removal.

We have reviewed the record, the motion to dismiss, or in the alternative, for summary disposition, and the opposition thereto. We conclude that petitioner has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review with respect to the BIA's determination that petitioner failed to establish the requisite hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted with respect to the BIA's hardship determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i);

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002).

A review of the administrative record demonstrates that there is substantial evidence to support the BIA's decision that petitioner failed to establish either continuous physical presence in the United States for a period of not less than ten years or good moral character as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A), (B); *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir. 2004). Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review with respect to continuous physical presence and good moral character are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

This court lacks jurisdiction to review the BIA's denial of voluntary departure. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229c(f); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003) (dismissing petition where BIA denied voluntary departure, concluding petitioner was statutorily ineligible for such relief).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**